## No. 489

HAMILTON (City) v. UTILITIES CO. et
No. 19782. Supreme Court
On motion to certify. Dock. Apr. 20, 1926.

797. MUNICIPAL CORPORATIONS— Where a Public Utilities Corporation is operating under a franchise of indeterminate duration, may a Municipal Corporation repeal said franchise and enact an ordinance limiting the franchise originally granted?

2. If a certain Company adjudicates the right of a city to repeal an ordinance granting it a franchise to another company, are the two companies in such privity that a subsequent suit against the assignee would be res judicata?

The City of Hamilton brought this suit originally against The Hamilton Utilities Co., The Hamilton Service Co., and The Union Gas & Electric Co. in the Butler Common Pleas for an injunction against the companies restraining them from operating under an ordinance passed by the City Council of Hamilton in 1887.

It appears that in 1887 an ordinance was passed for an indefinite period of time granting certain rights to The Hamilton Electric Light Co. In 1897 this ordinance was repealed and a new ordinance passed restricting the privileges granted under the first franchise. This matter was adjudicated, the result being favorable to the Company.

The defendants herein are assignees of the original Co. who held the franchise.

The judgment of the Common Pleas denying the injunction was affirmed by the Appeals.

The City, in the Supreme Court, contends that:

1. The ordinance of 1897 repealed the ordinance of 1887 and Defendants-in-error are operating under former ordinance.

2. Defendants-in-error are not entitled to the benefits or the rights granted by ordinance of 1887 to their predecessors.

3. The former judgment of the court of Common Pleas is not a bar to the pending action.

4. Defendants-in-error are not in privity with their predecessor in title.

Attorneys—L. J. Ziliox, Hamilton, for City; L. K. Langdon, Cincinnati, and P. P. Boli, Hamilton, for Cos.

---

## No. 490

FIRE ASSO. OF PHILA. v. AGRESTA
No. 19763. Supreme Court
On motion to certify. Dock. Apr. 9, 1926.

647. INSURANCE—Where a fire insurance policy provides that the amount of loss shall be payable 60 days after ascertainment of a loss is made either by agreement, expressed in writing, or by filing with the company an award of appraisers, and that "No suit or action on this policy shall be sustainable - - - - unless all the requirements have been complied with, may suit be filed by the insured before an ascertainment of the loss, either by agreement or award, is made?

Joseph Agresta filed this action originally in the Astabula Common Pleas against Fire Association of Philadelphia to recover on a fire insurance policy.

It appears that on May 12, 1924 Agresta's stock of groceries, covered by the policy in question, was damaged by fire. On July 3, 1924 Agresta furnished the company with statement of the loss upon which it took issue and referred him to the terms of the policy which in part provided as follows:

"The amount of loss or damage for which this company may be liable shall be payable 60 days after - - - - ascertainment of the loss or damage is made either by agreement between the insured and this company, expressed in writing, or by the filing with this company of an award as herein provided", and, "No suit or action on this policy shall be sustainable - - - - unless all the requirements of this policy have been complied with."

On Nov. 20, 1924 Agresta filed suit without having taken steps to secure an appraisal.

The trial court overruled the motion of the company for a directed verdict on the theory that the insured in reading his policy would be led to believe that the company not having demanded an appraisement did not require one. Judgment was rendered on the verdict for Agresta which was affirmed by the Appeals.

The Association, in the Supreme Court, contends:

1. That where payment under the policy is postponed until the amount of the loss is ascertained, that the ascertainment must be had or a waiver thereof pled and proven before judgment can be had for the assured.

2. That the policy was an agreement to pay only after an award.

3. That a compliance by the assured with all conditions and terms of the policy is a condition precedent to the maintenance of a suit for recovery.

Attorneys—Duffey &Duffey, Cleveland, and Arthur Rinto, Ashtabula, for Asso.; Perry, Perry & Perry, Jefferson and J. H. Copp, Geneva, for Agresta.